# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TIEREN WATSON                                                                 PLAINTIFF

v.                               5:16CV00379-DPM-JJV

JERRY MOORE, Mental Health
Supervisor, Cummins Unit, ADC; *et al.*                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other

1

non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  INTRODUCTION**

Tieren Watson ("Plaintiff"), a former inmate of the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendants denied him mental health services and medication and were thus deliberately indifferent to his serious medical need. (*Id.* at 5.) Defendants April Dyann Gibson, Rory L. Grffin, Wendy Kelley, Straughn, Kenneth D. Starks, Vernon R. Robertson, and Byers were previously dismissed from this action without prejudice. (Doc. No. 8.) The remaining Defendants, Jerry Moore and J. Jones,[1] have filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing this action. (Doc. No. 13.) Plaintiff has not responded, and this matter is now ripe for a decision. After careful review of the Motion, for the following reasons, I find summary judgment is appropriate and this action should be DISMISSED.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] I note this Defendant's full and correct name is Jeremy Jones. (Doc. No. 13 at 1.) The Clerk is directed to amend the docket to reflect his full and correct name.

2

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III. ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable

procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violation was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. Nos. 13-4; 13-5 at 1-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 13-4 at 5.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days of the incident complained of. (*Id.*) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id.* at 8.) The inmate shall receive a written response to the grievance within twenty working days of receipt; grievances relating to mental health services are answered by the Mental Health Supervisor or designee. (*Id.* at 9-10.) If the inmate is dissatisfied with the response, he may appeal to the appropriate Chief Deputy/Deputy/Assistant Director within five working days. (*Id.* at 11.) Appeals relating to mental health issues are submitted to the Deputy Director for Health and Correctional Programs. (*Id.* at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id.*) The Directive advises inmates they must exhaust their administrative remedies "as to all defendants at all levels of the grievance

procedure" before filing suit.  (*Id.* at 17.)

Defendants contend Plaintiff failed to exhaust his administrative remedies in accordance with Administrative Directive 14-16.  (Doc. No. 14 at 5.)  In support of this argument, they offer a list of Plaintiff's grievances and the Declaration of Shelly Byers, ADC Medical Grievance Coordinator, both of which show Plaintiff submitted two grievances concerning his mental health around the relevant time period.  (Doc. Nos. 13-3; 13-5 at 3.)

After an attempt at informal resolution, Plaintiff submitted grievance number CU-16-00228 on February 26, 2016, stating he needed his medication and asking to speak to mental health personnel.  (Doc. No. 13-1 at 3.)  Plaintiff did not include the names of any personnel involved in his statement on the Unit Level Grievance Form.  (*Id.*)  On March 3, 2016, Defendant Moore, Mental Health Supervisor, responded to grievance number CU-16-00228 as follows:

> You were last seen on 01/25/2016 by MR staff and you reported no problems. When you came into system on 10/25/2015 you denied any mental health history.  You will be seen again as soon as possible.  I also can find no request to my office from you.

(*Id.* at 2.)  Plaintiff filed an appeal from this response on April 1, 2016, continuing to state he needed his medication.  (*Id.*)  His appeal was rejected by the Deputy Director for Health and Correctional Services on April 8, 2016, on the basis that the time allowed for appeal had expired.  (*Id.* at 1.)

After another attempt at informal resolution, Plaintiff submitted grievance number CU-16-00229, also on February 26, 2016.  (Doc. No. 13-2 at 2.)  This grievance made the exact same allegations as those set out in CU-16-00228.  (*Id.*)  Again, Plaintiff did not include the names of any personnel involved.  (*Id.*)  Grievance number CU-16-00229 was rejected on March 2, 2016, on the basis that it was a duplicate of CU-16-00228.  (*Id.* at 3.)

5

The documents submitted in support of Defendants' Motion demonstrate Plaintiff failed to exhaust his administrative remedies in accordance with Administrative Directive 14-16. Although Plaintiff submitted two grievances on the subject of his mental health medication and services, neither one named Defendant Moore or Defendant Jones. (Doc Nos. 13-1 at 3; 13-2 at 2.) Additionally, grievance number CU-16-00229 was rejected because it was a duplicate of CU-16-00228. (Doc. No. 13-2 at 3.) Although CU-16-00228 was properly submitted, Plaintiff failed to appeal from Defendant Moore's response within five working days as required, instead waiting nearly a month before submitting his appeal. (Doc. No. 13-1 at 2.) For these reasons, Plaintiff failed to exhaust his administrative remedies "as to all defendants at all levels of the grievance procedure" before filing suit. (Doc. No. 13-4 at 17.)

Plaintiff failed to complete the administrative review process in accordance with the prison's grievance procedures. Accordingly, Defendants' Motion for Summary Judgment should be GRANTED.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk shall amend the docket to reflect the full and correct name of Defendant Jeremy Jones. (Doc. No. 13 at 1.)

2. The Motion for Summary Judgment filed by Defendants Moore and Jones (Doc. No. 13) be GRANTED.

3. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

DATED this 1st day of May, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE